```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GRAHAM REAL ESTATE,            )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 05-525
                               )
ANDREW M. APJOK, d/b/a         )    Judge Lancaster
A & W EQUIPMENT,               )    Magistrate Judge Hay
                               )
          Defendant.           )
```

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully submitted that the Motion to Dismiss (doc. 9) filed by the defendant should be denied.

II. REPORT

The above-captioned contract action is filed in this Court on the basis of diversity jurisdiction, 28 U.S.C. 1332. According to the Amended Complaint (doc. 8), the plaintiff is a corporation organized under the laws of the Commonwealth of the Bahamas, having its principal place of business in Nassau, Bahamas.[1] The defendant, Andrew Apjok d/b/a A&W Equipment, is an individual residing in Indiana, Pennsylvania, operating a business with the address of 722 Young Road, Indiana, Pennsylvania.[2] The plaintiff asserts that it bought and paid for certain goods offered for sale by the defendant and that (1) only

---

[1]   Amended Complaint, ¶ 1.

[2]   Amended Complaint, ¶ 3.

a portion of the goods ordered were shipped[3]; (2) the defendant shipped the goods without proper documentation or serial numbers resulting in the detention of the goods by Bahamian Customs[4]; (3) the defendant had represented in writing that the machinery was in working order[5]; and (4) the goods shipped were not in working order and/or did not fit the agreed specifications[6].  The Amended Complaint sets forth separate claims for breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of warranty for a particular purpose.

The plaintiff avers that it paid the following amounts for the goods under the contract:

> $43,000 for a screening plant;
> $16,000 for a used vibration grizzly; and
> $ 2,000 for screening cloths.[7]

The plaintiff also claims to have paid the following amounts for labor and shipping:

> $ 9,000 for shipping; and
> $ 1,000 for labor.[8]

The plaintiff alleges that it was required to pay approximately $4,130 to Bahamian Customs.

---

[3]     Amended Complaint, ¶ 12.

[4]     Amended Complaint, ¶ 13.

[5]     Amended Complaint, ¶ 14.

[6]     Amended Complaint, ¶ 15.

[7]     Amended Complaint, ¶ 16.

[8]     Amended Complaint, ¶ 17.

Additionally, the plaintiff avers that it would cost $29,500 to repair the non-working vibrating grizzly.[9] Further, plaintiff alleges lost profits in excess of $250,000.[10]

Presently before the Court is the defendant's motion to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6). With regard to a motion to dismiss made pursuant to Rule 12(b)(1), where, as here, the motion attacks the complaint on its face, the Court must consider the allegations of the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). Similarly, in reviewing a motion to dismiss made pursuant to Rule 12(b)(6), the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).[11] Further, such a motion may be granted by the Court only if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

---

[9]   Amended Complaint, ¶ 19.

[10]   Amended Complaint, ¶ 22.

[11]   In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The defendant challenges this Court's diversity jurisdiction.  Section 1332 of Title 28, United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of a State and citizens or subjects of a foreign state."  Here, the defendant claims that the facts as pleaded fail to establish an amount in controversy exceeding $75,000.

The test for determining the amount in controversy in diversity cases is that, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal*."  St. Paul Mercury Indemnity Co. v. Red Cab Co. ("Red Cab"), 303 U.S. 283, 288-89 (1938)(emphasis added and footnotes omitted).  A "reasonable probability that the amount exceeds [$75,000] suffices to vest

the court with jurisdiction." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995).

Using simple arithmetic, the amount of damages claimed for the purchase of the screening plant, the vibration grizzly and the screening cloths, and for the shipping charges, labor, and customs charges totals $75,130. The defendant has not challenged these damages.[12] Thus, it would appear that the defendant has conceded that plaintiff has met the diversity amount-in-controversy threshold. This notwithstanding, we will address the defendant's pending motion to dismiss.

In its present motion, the defendant complains that the plaintiff has not provided an explanation of why certain items are included as lost profit damages. For example, the defendant questions why the purchase price of raw materials is included as an item of damages. The defendant also questions whether the $75,000 listed as "Capital layout" is not the same item of

---

[12] The defendant previously filed a motion to dismiss the original complaint, which alleged as damages the purchase of the screening plant, the vibration grizzly and the screening cloths, and the shipping charges, labor, and customs charges, totaling $75,130, and averred that it would cost approximately $29,500 to repair the grizzly. The defendant challenged the inclusion the customs charges and the $29,500, based on plaintiff's failure to explain why it would be entitled to these amounts as damages. Thereafter, the plaintiff filed the Amended Complaint, which rendered moot the original motion to dismiss. In the current motion to dismiss, the defendant does not restate its initial challenges and attacks only the additional damages claimed in the Amended Complaint, i.e., lost profits and damages stemming from contracts that were under negotiation.

damages as the total amount of money expended in purchasing the goods and, therefore, should not be included in any tally of damages since it would be duplicative.  However, the defendant has offered only supposition and no evidentiary support or proof for his argument that these and other items have no bearing on or applicability to plaintiff's claimed damages.  Absent such proof, the sum claimed by the plaintiff controls.  Red Cab, 303 U.S. at 288-89.  The defendant simply has not met his burden to establish to a legal certainty that plaintiff cannot recover the amounts claimed as damages.

　　　　To the extent that the defendant is arguing that the averments in the Amended Complaint are not sufficiently detailed and, thus, fail to state a claim upon which relief can be granted, this argument must fail.  The plaintiff has alleged the existence of a contract, a breach of same and damages flowing therefrom.  Although these allegations do not provide the details that defendants would like, they nevertheless appear sufficient to satisfy the liberal pleading standards under the Federal Rules of Civil Procedure and, thus, state a claim for breach of contract. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513-15 (2002)("[A] complaint requires only a 'short and plain' statement to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right.")

The defendant's next argument is that because the damages claimed were not reasonably foreseeable, plaintiff cannot recover its lost profits. There appears to be no dispute that under Pennsylvania law, a party may recover damages in a contract action that (1) are such as would naturally and ordinarily flow from the breach, (2) were reasonably foreseeable, and (3) can be proved with reasonable certainty.[13] <u>Ferrer v. Trustees of University of Pennsylvania</u>, 825 A.2d 591, 610 (Pa. 2002)(<u>quoting</u> <u>Taylor v. Kaufhold</u>, 84 A.2d 347, 351 (Pa. 1951)). The defendant concedes that lost profits may be recovered as damages in a contract action. Here again, however, the defendant offers only speculation and no support or proof for the argument that the plaintiff cannot establish that the damages claimed were foreseeable. This argument, in fact, appears to be more properly presented as a defense to the claims. Nevertheless, whether the plaintiff ultimately proves foreseeable damages and recovers the amount of damages claimed does not speak to the defendant's burden at this stage of the litigation, i.e., to establish to a legal certainty that plaintiff's claim is for less than $75,000. As the Supreme Court has stated,

---

[13] The Court must look to state law to determine what damages may be recovered. <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 398 (3d Cir. 2004) <u>citing</u> <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 352-53 (1961) (In diversity cases courts must look to state law to determine the nature and extent of the right to be enforced.)).

> The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

Red Cab, 303 U.S. at 289. Absent proof to a legal certainty that plaintiff cannot recover the amount claimed, however, the sum claimed by the plaintiff controls. Id.

For the above stated reasons, the district court should deny the defendant's motion to dismiss.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                /s/ Amy Reynolds Hay
                Amy Reynolds Hay
                United States Magistrate Judge

Dated: 7 February, 2006.

```
cc:   Hon. Gary L. Lancaster
      United States District Judge

      John H. Rushford, Esquire
      926 Sherwood Road
      Pittsburgh, PA 15221

      Mark S. Frank, Esquire
      Campbell & Levine, LLC
      310 Grant Street
      1700 Grant Building
      Pittsburgh, PA 15219
```